STATE, Respondent, v. HEINTZ, Appellant.

(182 N. W. 708.)

(File No. 4783.   Opinion filed May 2, 1921.   Rehearing denied July
16, 1921.)

1.  **Constitutional Law—Homicide—Shooting With Intent to Kill—
Information, Alleging "Did Shoot K," Statute Providing
"Shoots or Attempts to Shoot At," Whether Allegation Duly
Specific.**

An allegation in a complaint for the offense of shooting an-
other with intent to kill, that defendant "did * * * shoot O. C.
K.," with a fire arm, etc., states with sufficient clearness and
conciseness the facts constitutiing said offense, under Const.,
Art. 6, Sec. 7, concerning statement of nature or cause of ac-
cusation, and Art. 6, Sec. 2, concerning due process, and under
Sec. 4051, Code 1919, making it a felony where any person
"shoots or attempts to shoot at" another, etc., with intent to
kill such person; (following, State v. Morse, 35 S. D. 18.)

2.  **Criminal Law—Information—Defense of No Preliminary Exam-
ination—Trial Court's Finding of Examination Waived, Effect.**

The objection, in a criminal prosecution upon information,
that there was no preliminary examination of defendant, is met
by trial court's finding upon adequate evidence that defendant
waived preliminary examination.

3.  **Same—Trial—Jury Panel, Drawing of, Challenge that Clerk Dic-
tated Number of Names, Evidence Showing Clerk Requisi-
tioned per Statute—No Prejudice.**

In a criminal prosecution, defendant challenged the jury
panel on ground that clerk of courts dictated the number of
names to be selected from each township, etc., in keeping full
jury list of 200 names, instead of the county commissioners
having made the apportionment under Sec. 5287, Code 1919.
Held, that the evidence not showing that county board had
neglected making apportionment but that clerk made requisition
upon the board pursuant to Section 5294, no material departure
from authorized procedure, was shown, nor that prejudice re-
sulted to defendant.

4.  **Same—Shooting With Intent to Kill When Being Arrested—
Sheriff's Testimony Re Whiskey in Defendant's Car, as Res
Gestae, Not Separate Defense.**

Testimony of the sheriff, in a prosecution for shooting at
another with intent to kill, the evidence being that the shooting
was done when the sheriff informed defendant that he was un-

der arrest for transporting liquor in a car there present—that he found two suit cases in defendant's car filled with bottles of whiskey, was properly admitted over objection that it was incompetent, immaterial, irrelevant and not within the issues; such evidence being an integral part of the res gestae, and as tending to explain reason for shooting that resulted from the arrest and attempt of sheriff to take suit cases into his possession.

5. **Criminal Law—Appeal—Error—Instruction, No Exception, Nonconsideration of—Court Rule.**

Defendant may not complain on appeal of an instruction, no exception thereto having been taken (Trial Court Rule 26.)

The defendant, John Heintz, was convicted of the offense of shooting with intent to kill, and he appeals. Affirmed.

*Kirby, Kirby & Kirby,* for Appellant.

*Byron S. Payne,* Attorney General, and *Vernon R. Sickel,* Assistant Attorney General, for Respondent.

(1) To point one of the opinion, Appellant cited: Williams v. State, 12 Texas 395; 1 Wharton's Criminal Law (9th Ed.) Sec. 641; Secs. 4051, 4012 Code 1919; People v. Fine, 53 Cal. 263.

Respondent cited: State v. Otto, (S. D.) 161 N. W. 340; State v. Stewart, 37 S. D. 263, 157 N. W. 1046; State v. Morse, 35 S. D. 18, 150 N. W. 293.

(3) To point three, Appellant cited: Secs. 5287, 5293, 5294, Code 1919.

Respondent cited: Sec. 4841, 4660, Code 1919.

(4) To point four, Respondent cited: 16 C. J. 574; State v. Halpin, (S. D.) 91 N. W. 605.

GATES, J. Defendant was convicted of the offense of shooting with intent to kill Oluf C. Karp, then sheriff of Turner county, in violation of section 4051, Rev. Code 1919. From the judgment and an order denying a new trial he appeals.

[1] The first point considered by appellant is the sufficiency of the information. He urges that the information did not disclose the nature or cause of the accusation against him, in violation of Const. art. 6, § 7, and that he has therefore been denied due process of law. Const. art. 6, § 2. The pertinent clauses of the information are (after giving date and place) that defendant—

"did then and there willfully, unlawfully, and feloniously shoot

Oluf C. Karp, with a firearm, to wit, a revolver loaded with gunpowder and lead bullets, with intent then and there to kill the said Oluf C. Karp."

The only difference between the descriptive matter in this information and the one in State v. Morse, 35 S. D. 18, 150, N. W. 293, Ann. Cas. 1918C, 570, is that here the charge is that defendant "did shoot," while there the charge was that defendant "did shoot at," the person named. The language of this information imports that defendant's marksmanship was effective, while in the other it might not have been. In other respects, the sufficiency of this information is controlled by the decision in that case, wherein we said:

"The information clearly and concisely stated the facts necessary to be stated under section 285, Pen. Code [now section 4051, Rev. Code 1919]. It designated the offense in such a manner as to enable a person of·common understanding to know what was intended, and it is sufficient."

[2] Appellant next urges that there was no preliminary examination of defendant, and therefore that the information should have been quashed. The trial court found upon what seems to us to be adequate evidence that defendant waived preliminary examination. Therefore there was no error in that behalf.

[3] For the next ground of error it is charged that there was a material departure from the form prescribed by law in reference to the drawing of names by the county commissioners for the jury list, and therefore that appellant's challenge to the jury panel should have been sustained. The precise ground of error charged is that the clerk of courts dictated the number of names that should be selected from each township, city or town, whereas by section 5287, Rev. Code 1919, it is the duty of the county commissioners to make the apportionment. The testimony offered did not show that the county board had neglected to make such apportionment. It related to procedure taken under the provisions of section 5294, Rev. Code .1919. The clerk made requisition upon the county board for the necessary number of names to keep full the list of 200 names, specifying the number needed from each township, city, or town in order to keep up the list in accordance with the apportionment presumably theretofore made.

No material departure from authorized procedure was shown, nor was it shown that defendant suffered prejudice. State v. Morse, supra.

[4] Appellant contends that there was prejudicial error in the reception of certain evidence. The sheriff testified that he had found an automobile in the street, in which were two suit cases; that he searched them; that he asked defendant if that was his car, and, upon being answered in the affirmative, he told defendant, "You are under arrest for transporting liquor." He was then asked this question, "What did you find by way of intoxicating liquor, if anything?" Over the objection that the same was incompetent, immaterial, irrelevant, and not within the issues, the sheriff was permitted to answer, "I found two suit cases in the car filled with bottles of whiskey." Appellant urges that this evidence proved a separate and distinct offense, and was therefore inadmissible. The evidence was an integral part of the res gestæ. It showed why the sheriff was there, and tended to explain the reason for the shooting that resulted from the arrest and the attempt of the sheriff to take the suit cases into his possession. It was clearly admissible. State v. Halpin, 16 S. D. 170, 91 N. W. 605; State v. Kapelino, 20 S. D. 591, 108 N. W. 335; 16 C. J. 574.

[5] Lastly, appellant complains of an instruction to the jury, but as no exception thereto was taken it cannot be considered. Trial Court Rule 26, 40 S. D. preliminary page 27.

The judgment and order appealed from are affirmed.