STATE, Respondent, v. LEONARD, Appellant.

(232 N. W. 909.)

(File No. 7079. Opinion filed November 10, 1930.)

408

*P. A. Hosford*, of Winner, for Appellant.

*M. Q. Sharpe,* Attorney General, and *R. F. Drewry,* Assistant Attorney General, for the State.

BROWN, P. J. From a judgment of conviction of the offense of assault with a dangerous weapon, and from an order denying a new trial, defendant appeals. On the evening of August 14, 1929, defendant was reclining in the back seat of a Ford car on a farm in Tripp county and displaying a loaded automatic revolver. Evidence on behalf of the state shows that James McGrew came up to the car and told defendant to put away the revolver as he might hurt somebody, or he would take it from him and beat him over the head with it. Further words passed between them which one witness calls "chewing the rag," which terminated by defendant shooting at McGrew with the revolver, the bullet grazing Mc-Grew's shoulder. There was evidence on behalf of defendant to the effect that McGrew came toward defendant, who told him to stand back, but that he kept on coming and took hold of defendant by the foot, which was hanging over the edge of one side of the car when defendant shot. Defendant denied any intent to kill or injure McGrew, but said he shot only to scare him.

The information charged defendant with shooting with

intent to kill, an offense described in Rev. Code 1919, § 4051. He was found guilty of assault with a dangerous weapon, an offense described in section 4081. He contends that on an information charging the offense described in section 4051 he cannot be found guilty of the offense described in section 4081. Rev. Code 1919, § 4926 provides that "the jury may find the defendant guilty of any offense, the commission of which is necessarily included in that with which he is charged in the * * * information." That assault with a dangerous weapon, which includes shooting at another with any kind of firearm with intent to injure any person, is necessarily included in the offense of assault with intent to kill, has been settled by repeated decisions of this court. State v. Horn, 21 S. D. 237, 111 N. W. 552; State v. Morse, 35 S. D. 18, 150 N. W. 293, Ann. Cas. 1918C, 570; State v. Heintz, 44 S. D. 168, 182 N. W. 708.

 There was testimony to the effect that two jugs of whisky were right back of the Ford car and that they were in the car when defendant got ready to go, and in the course of the trial four jugs of whisky were brought into the courtroom. Whether these were brought into the courtroom in preparation for some other trial, or were intended to be used on the trial of appellant, does not appear. They were not offered in evidence and defendant's counsel asked the court to admonish the jury to disregard those articles, whereupon the court said to the jury: "You should not consider as evidence the bottles or jugs that have been brought to the court room and not introduced in evidence. In the opinion of the Court they are not any evidence to be considered by you upon the question involved in this case." The record discloses no objection or exception to the presence of these articles in the courtroom, and since the court fully complied with appellant's request as to instructing the jury to disregard them and informed the jury that they must not consider such articles as any evidence in the case, appellant's attempted assignment of error on this episode cannot be sustained. Appellant complains of the court's refusal to give an instruction requested by him to the effect that if the jury should find that the assault by defendant was committed under reasonable apprehension of danger to himself, and that defendant used no more force than appeared to him to be necessary, they should find defendant not guilty. The court instructed the

jury: "That force may be used by any person about to be injured in preventing or attempting to prevent an offense against his person, and he has a right to use for the purpose of preventing an offense or injury to his person such amount of force, and no more, as to him at the time and under the circumstances seems necessary to prevent such an assault or injury to himself." The charge requested is completely covered by that given by the court. The court fully and correctly defined three separate offenses, assault with intent to kill, assault with a dangerous weapon, and simple assault, and told the jury that defendant might be found guilty of either of said offenses or not guilty of any offense. We find no error prejudicial to defendant in the court's charge to the jury. Defendant assigns as error the misconduct of the state's attorney in his argument to the jury in intimating that defendant found it convenient to have a witness for the state out of the jurisdiction of the court. Nothing showing any such statement is to be found in the abstract. The only place where it appears is as a bare statement of appellant's attorney in his assignment of error. That such an assignment cannot be considered has been repeatedly decided by this court. We may add, however, that the assignment itself shows that whatever statement may have been made by the state's attorney on the subject was promptly withdrawn by him on defendant's objection thereto, and the court at the time instructed the jury to disregard such statement. Under these circumstances, the impropriety in the argument of the state's attorney, if any, cannot be held prejudicial to defendant. State v. Sjoberg, 54 S. D. 375, 223 N. W. 320, and cases there cited.

The judgment and order appealed from are affirmed.

POLLEY, SHERWOOD, CAMPBELL, and BURCH, JJ., concur.