STATE, Respondent v. REDDINGTON, Appellant

(125 N.W.2d 58)

(File No. 10038. Opinion filed December 2, 1963)

Rehearing denied March 2, 1964

Roswell Bottum, Rapid City, for Defendant and Appellant.

Frank L. Farrar, Atty. Gen., Pierre, Dale L. Morman, State's Atty., Meade County, Sturgis, for Plaintiff and Respondent.

HOMEYER, J. Defendant was convicted of the murder of T. J. Brown and sentenced to life imprisonment in the State Penitentiary. He appeals from the judgment of conviction.

In his opening statement to the jury at the beginning of the trial defendant's counsel admitted the homicide, but said it was in self-defense and justifiable. Defendant adhered to this position throughout the trial, i. e., in cross-examination of prosecution witnesses, by witnesses which he produced, and by his own testimony. The jury concluded otherwise.

Defendant asks that the judgment of conviction be reversed and a new trial granted on a single assignment of error. We relate what transpired as the basis for the claimed prejudicial error. The prosecuting attorney in the forepart of his opening summation to the jury made the following statement:

"The matter of premeditated design or malice aforethought, I might say, has been defined in the instructions and I would urge you to read those instructions and all of them very carefully. Now, the design, as the Court has instructed you, may be inferred from the killing by the defendant unless other evidence shows otherwise. With this open admission on the part of the defendant of the killing and with the establishment that the shooting caused the death, the matter of raising a reasonable doubt in your mind as to the justification then becomes a part of the defendant's burden. This he has attempted to do in several ways. One, that—

"MR. BOTTUM: Just a moment. Your Honor, I wish to except to the remarks of the counsel for the State in that he stated that the burden is upon the defendant to raise a reasonable doubt as to whether he acted in self-defense. That is not the law, is contrary to the Court's instructions, and is prejudicial to the rights of the defendant.

"MR. MORMAN: The instructions are before you, ladies and gentlemen. I refer you to the instructions in that regard.

"MR. BOTTUM: I further ask at this time that the Court correct counsel in his statement and admonish the jury that the statement of counsel that the burden is upon the defendant to raise a reasonable doubt in their minds is not the law of the case as stated in the Court's instructions.

"THE COURT: The request is denied. The instructions adequately state the law."

Defendant requested and the court gave the following instruction:

"It is not required that the defendant shall produce a preponderance of the evidence in proving circumstances that justify or excuse the killing on his part, or that he prove such circumstances of justification or excuse to your satisfaction beyond a reasonable doubt. If, after consideration of the evidence, if any, touching the circumstances or question of justification, or excuse on the part of the defendant for the shooting of the deceased, together with all of the other evidence in the case, you may have reasonable doubt as to whether the defendant did the shooting in the lawful defense of himself, when there was reasonable ground on his part to believe or to apprehend a design on the part of the deceased to do him great bodily injury, and that there was imminent danger of such design being accomplished, you should acquit the defendant."

Defendant argues that the prosecuting attorney incorrectly stated the law; that the court by denying his request to correct counsel and admonish the jury on an incorrect statement of the law gave tacit approval to such misstatement which is in conflict with the court's instructions; that this may have confused the jury because it had before it both an incorrect statement of the law and a correct statement and it is impossible to determine which the jury followed; that as a result the defendant was prejudiced in his substantial rights and did not receive a fair trial; that the judgment of conviction should be reversed and a new trial granted.

SDC 1960 Supp. 34.3642, provides:

"Upon a trial for murder, the commission of the homicide by the defendant being proved, the burden of proving circumstances of mitigation, or that justify or excuse

it, devolves upon him, unless the proof on the part of the prosecution tends to show that the crime committed only amounts to manslaughter or that the defendant was justifiable or excusable."

This statute with slight immaterial change has been a part of our law since territorial days. Laws of Dakota, 1862, Criminal Procedure, Ch. 9, Sec. 36. It was first considered in State v. Yokum, 11 S.D. 544, 79 N.W. 835, and interpreted to mean that the defendant must sustain the burden of proof on justification by a preponderance of the evidence. State v. Wilcox, 48 S.D. 289, 204 N.W. 369, overruled the Yokum case in that interpretation. In Wilcox we said while it is incumbent upon the defendant to show justification on a plea of self-defense, it was sufficient if his evidence created or left in the minds of the jury a reasonable doubt as to whether he was justified in taking the life of the deceased. However, it was made clear that if upon the whole evidence in the case, both prosecution and defense, the jury entertains a reasonable doubt of guilt, the accused is entitled to the benefit of such doubt. In State v. Staley, 56 S.D. 495, 229 N.W. 373, an instruction was given intended to embody the language of the statute, but failed to include the exception "unless the proof on the part of the prosecution tends to show that the crime committed only amounts to manslaughter or that the defendant was justifiable or excusable." This court held the instruction clearly erroneous and said "Any attempt to embody this statutory provision in an instruction to the jury is unwarranted and likely to lead to confusion. The state must prove the defendant guilty. The meaning of the statute must therefore be understood as merely relieving the state of the necessity of proving the negative and that the jury may assume that the killing was not justifiable, excusable, or done under mitigating circumstances, unless there is some affirmative proof of those facts, introduced either by the state or the defendant. If there is such proof, then the jury before it can convict must be satisfied beyond a reasonable doubt that the defendant is guilty of the crime for which he is convicted, and that his act was not justifiable, excusable, or done under mitigating circumstances lessening the degree of the offense. The defendant, however, is not required to take the stand or to produce any witnesses or evidence to show his innocence, but the state must establish his guilt be-

yond a reasonable doubt. \* \* \*" See State v. Mier, 74 S.D. 515, 55 N.W.2d. 74, in approval of the rule in the Wilcox case.

The statement of the prosecuting attorney was incomplete and hence incorrect since it may have left the implication that the burden was upon the defendant to raise or create a reasonable doubt without referring to the exception that such reasonable doubt may have been raised or created in the minds of the jury from evidence supplied by the state. Where the circumstances proven on the part of the state reasonably tend to show that the killing may have occurred in self-defense, there is no burden whatsoever upon the defendant. It is only where the state's evidence shows no justification that it "devolves upon" the defendant to introduce evidence of justification, excuse, or in mitigation. The statute merely declares a rule of procedure and does not contemplate that the state be relieved of proving each and every element of guilt beyond a reasonable doubt.

In the light of the above, we analyze the record on what occurred after the claimed prejudicial statement made by the state's attorney. The defendant made his objection and without waiting for a ruling by the court, the state's attorney said: "The instructions are before you \* \* \* I refer you to the instructions in that regard." Reasonably construed it can be said that this was tantamount to a withdrawal of the objectionable statement and in effect a request for the jury to follow the instructions if he misstated the law. 23A C.J.S. Criminal Law § 1117(1), p. 245; State v. Leonard, 57 S.D. 407, 232 N.W. 909, rehearing 58 S.D. 329, 236 N.W. 287. The defendant then requested the court to correct the state's attorney and admonish the jury that what the state's attorney said was not the law of the case as set forth in the court's instructions. The request was denied and the court said: "The instructions adequately state the law." It would have been preferable if the court had granted the request and had admonished the jury to disregard the statement of the state's attorney and to apply the law as set forth in the instructions. Perhaps this is what the trial judge intended and it may be that he thought what he said was equivalent to an admonition and direction to the jury to be guided solely by the instructions. Nevertheless, officials who have duties to perform in

the prosecution ·of persons accused of crimes should ever be mindful that trials must be fair and should constantly strive to achieve the ultimate in assuring to every person charged a fair trial.

■ ■ The court gave complete and accurate instructions not only on murder, but also on lesser included crimes, and on burden of proof. These instructions were in writing, read to the jury before argument, taken by them when they retired, and returned into court with the verdict. SDC 1960 Supp. 33.1317. Counsel for both sides in final argument repeatedly referred to the instructions in arguing the merits of their respective positions and the application of the instructions to the evidence. We credit jurors with being men and women of intelligence. It is their duty to follow the instructions of the court. It must be presumed that they followed the instructions and were not misled by a statement of the state's attorney which was incomplete and thus not in accord with the court's instructions. People v. Atchley, 53 Cal.2d 160, 346 P.2d 764; 362 U.S. 987, 80 S.Ct. 1081, 4 L.Ed.2d 1021; 366 U.S. 207, 81 S.Ct. 1051, 6 L.Ed.2d 233.

■ ■ The sufficiency of the evidence to sustain the conviction is not questioned on this appeal. Nevertheless, defendant argues that the evidence preponderates in his favor, or is at least closely balanced, and hence the proceedings related may have tipped the scales against him and should be held by us as prejudicial. There is no definite rule by which to measure prejudicial error and each case must be decided on its own facts. In State v. Pirkey, 24 S.D. 533, 124 N.W. 713, we said: "Prejudicial error is such error as in all probability must have produced some effect upon the final result of the trial, namely, the verdict of the jury." Prejudicial error is error which affects the final result and is harmful to the substantial rights of the party assigning it. State v. Britton, 27 Wash.2d 336, 178 P.2d 341.

■ The record is voluminous. The trial lasted five days. Defendant was represented by able counsel. We have scrutinized the record carefully. There was only minor dispute in the evidence. Brown was shot and killed by the defendant in a public bar near the business center of Sturgis within a short distance of the city police station. At least seven other people were in the

same room and more in an adjoining room. Both defendant and Brown were in the bar for more than two hours before the shooting. Defendant was unarmed when he entered the bar. Just before the fatal shooting he left the bar, went to his room in the same building and got the revolver with which he killed Brown. He told no one that he was going after a weapon and no one knew he had it. He kept it concealed by a coat which he put on when he got the revolver. Brown was unarmed. The evidence although in dispute shows no great disparity in age and physical stature. No blows were struck. Defendant fled the scene after the shooting. There were provoking circumstances, but defendant's own testimony virtually precluded the jury from finding that the homicide occurred in the heat of passion or under other mitigating circumstances. He relied wholly and completely on his plea of self-defense. His counsel in final argument put the single issue squarely before the jury in these words: "Now, in this case and under these facts and under these circumstances, to me Mr. Reddington here is either guilty of murder, a premeditated killing, or he isn't guilty of anything at all." The jury refused to accept the evidence of self-defense and concluded that defendant was guilty of murder. There was substantial evidence permitting them so to do.

■ ■ This court has repeatedly held that a new trial should not be granted unless it is reasonably clear that the substantial rights of the defendant have been so violated that he did not receive a fair trial. State v. Sitts, 71 S.D. 494, 26 N.W.2d 187; State v. Ballard, 72 S.D. 293, 33 N.W.2d 339; State v. Poppenga, 76 S.D. 592, 83 N.W.2d 518. Such is the mandate of SDC 1960 Supp. 34.2902. Upon the complete record, we are satisfied that defendant had a fair trial. In view of the correctness of the court's instructions, we conclude that the statement of the state's attorney and the proceedings thereafter were without prejudice to his substantial rights. It does not appear that anything occurred which when reasonably construed could have adversely influenced the jury.

Affirmed.

All the Judges concur.