**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Frank HOADLEY, Defendant and Appellant.**

No. 13362.

Supreme Court of South Dakota.

Considered on Briefs Dec. 9, 1981.

Decided May 19, 1982.

Douglas E. Kludt, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

David R. Gienapp of Arneson, Issenhuth & Gienapp, Madison, for defendant and appellant.

PER CURIAM.

This is an appeal from a judgment of conviction for first-degree burglary, grand

theft and for conspiracy to commit burglary and theft. We affirm.

Appellant and two codefendants, Greg Sorheim and Earl Cross, were charged with conspiracy, burglary and theft of guns from the home of Gary Tripp. Tripp testified that he and appellant were acquaintances, that appellant had visited his home on several occasions prior to the theft, had seen the guns there, had commented on their value and knew where they were located. The night of the burglary, Tripp received a phone call from appellant and told appellant that he would not be home part of the evening.

Codefendant Cross testified that appellant offered him money if he would steal Tripp's guns. Cross confirmed that appellant had called Tripp the night of the theft, learned that Tripp would not be home part of the evening and instructed Cross to take the guns that night. Cross identified state's exhibit # 15 which was a map of Tripp's home drawn on a napkin and was given to him by appellant. It showed the location of the guns. Cross admitted that he had given two statements to law enforcement officers which incriminated appellant. Appellant's attorney, however, introduced into evidence a third statement that he had later obtained from Cross exonerating appellant. Cross testified that his later statement was false.

Both codefendants testified that on the night of the burglary they were with appellant, his wife and two female companions at a drive-in movie. Both female companions confirmed Cross' testimony that on the night of the burglary appellant had called Tripp before they went to the movie. These female companions further testified that both codefendants left the group sometime during the evening without returning.

Cross testified that, subsequent to the theft, appellant had instructed him to hide the guns in the trunk of appellant's car. Cross then used appellant's car that evening. One of the female companions testified to a late night rendezvous in the country in which Cross and appellant exchanged cars. On cross examination she agreed that this rendezvous was "odd." In the exchange, appellant's car was returned to him with the guns in the trunk. At the time of appellant's arrest, he instructed his wife to look in the trunk for the guns. She testified she found the guns there.

Both codefendants testified that they committed the burglary and theft. According to their testimony they pleaded guilty to theft pursuant to plea bargains with the state. Charges of burglary and conspiracy to commit burglary and theft were dismissed as part of the bargain. ·

Appellant contends the trial court erred in instructing the jury that it was a question of fact for them to determine whether or not the codefendants were accomplices. Appellant accordingly argues that the court committed error when it refused his instruction which concluded that the codefendants were accomplices as a matter of law.[1]

"Whether one is an accomplice may be a question of law for the court or one of fact for the jury depending on the state of the evidence." *State v. Johnson*, 81 S.D. 600, 607, 139 N.W.2d 232, 236 (1965). Here, both codefendants admitted without contradiction that they had committed the burglary and theft. They also testified they had pleaded guilty to the theft. Therefore, as a matter of law, they were accomplices and it would have been proper for the court to so instruct the jury.

In this case, however, it was not prejudicial error to submit to the jury the fact question of whether the codefendants were to be considered accomplices. It must

---

1. The court instructed the jury on South Dakota Pattern Jury Instruction (Criminal) 1–16–6 and refused 1–16–6 (alternate), which was offered by appellant. The effect of the two instructions differs. If the jury here had determined that the codefendants were not accomplices under Pattern Instruction 1–16–6, appellant argues that they might then have ignored the requirement that an accomplice's testimony be corroborated by other evidence before appellant could be convicted. Under Pattern Instruction 1–16–6 (alternate) the jury could convict appellant *only* if the accomplices' testimony was corroborated by other evidence.

be assumed that the jury followed the instructions and applied them properly. *State v. Reddington*, 80 S.D. 390, 125 N.W.2d 58 (1963); *see* 5 C.J.S. Appeal & Error, § 1562(3) (1958). Considering the evidence presented, the jury could have concluded only that the codefendants were accomplices. The question would have been decided as a matter of law if the court had so instructed the jury. There is nothing in the record, however, which suggests that the jury would have returned a different verdict if the alleged error had not occurred. *See Dwyer v. Christensen*, 77 S.D. 381, 92 N.W.2d 199 (1958); *People v. Barclay*, 40 Cal.2d 146, 252 P.2d 321 (1953).[2] Though the court properly should have determined as a matter of law that the codefendants were accomplices, we hold it was not prejudicial error under these circumstances to give an instruction allowing the jury to make a factual determination on the question. *See* SDCL 23A–44–14; *State v. Reddington, supra.*

 Appellant finally urges that the court committed error when it refused his

instruction which required the evidence to show more than the fact that appellant was in the company of members of a conspiracy to prove that he was also a member of the conspiracy.[3] Even if appellant's proposed instruction was a correct statement of the law in South Dakota, the evidence went far beyond establishing that appellant was in the company of the codefendants. "Courts are not required to instruct as to matters that find no support in the evidence." *State v. Johnson*, 81 S.D. at 608, 139 N.W.2d at 237. The evidence did not support appellant's position that he was merely in the company of the codefendants. Thus the trial court properly refused his requested instruction on the issue.

The judgment of the circuit court is affirmed.

---

**2.** *But see People v. Robinson*, 61 Cal.2d 373, 38 Cal.Rptr. 890, 392 P.2d 970 (1964) (jury was unable to reach a verdict on one of four codefendants); *but see* Id., 38 Cal.Rptr. at 918–920, 392 P.2d at 998–1000 (dissent).

**3.** "Evidence that a person was in the company of or associated with one or more other per-

sons alleged or proved to have been members of a conspiracy is not, in itself, sufficient to prove that such person was a member of the alleged conspiracy." 1 California Jury Instructions, Criminal, 6.13 (4th ed. 1979). We do not decide whether this instruction is a correct statement of the law in South Dakota.