STATE of South Dakota, Plaintiff
and Appellee,

v.

Ronald J. REMACLE, Defendant
and Appellant.

No. 15012.

Supreme Court of South Dakota.

Considered on Briefs Feb. 10, 1986.

Decided April 16, 1986.

Clair B. Ledbetter, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

Thomas M. Issenhuth, of Arneson, Issenhuth & Gienapp, Madison, for defendant and appellant.

WUEST, Justice.

This is an appeal from a conviction of being in actual physical control of a motor vehicle while having 0.10 percent or more by weight of alcohol in the blood, in violation of SDCL 32–23–1. We affirm the conviction.

On December 20, 1984, at approximately 3:00 a.m., while on routine patrol in Howard, South Dakota, police officer Charles Addy (Addy) came upon a vehicle parked in an alley. Addy testified that although the vehicle was not running, the front windshield was partially defrosted, and therefore he investigated. He obtained ownership information on the vehicle and approached it, observing the driver's window was down several inches and someone was slumped over in the driver's seat. Addy stated he also saw a beer can on the front floor near the passenger's seat and detected a strong odor of alcohol coming from the open window. He recognized the occupant as the owner, Ronald J. Remacle (appellant), woke him, and asked him if he was alright. Appellant said he was okay and asked to be left alone, declining Addy's offer to drive him home. Addy stated appellant's speech was slurred and the keys were in the car's ignition. The temperature was approximately fifteen degrees.

Addy obtained the telephone number of appellant's brother, Robert Remacle, and called him, informing him of the situation. Remacle said he would check on appellant and asked for ten or fifteen minutes to do so. Addy returned to the alley after fifteen minutes and found appellant's vehicle gone. He drove down the alley toward the street and saw the car near the Howard ASCS Building, where he also came upon Robert Remacle in his vehicle. Remacle told Addy he removed the keys from appellant's car while it was in the alley, but heard the engine start as he left, and found the car gone when he returned. Upon hearing this, the officer went to appellant's vehicle and again found him slumped over in the driver's seat. Robert Remacle unlocked the car with the keys in his possession and appellant tried to kick him. No keys were in the ignition at this time. Addy repeated his offer to drive appellant home. The offer was again rejected, at which time the officer asked appellant to enter his patrol car. Addy testified that appellant was unstable on his feet, his eyes were bloodshot, he was pale and he continued to slur his speech. The officer believed appellant was under the influence of alcohol and arrested him. Appellant was taken to the Madison Community Hospital where a blood sample was taken which indicated that his blood contained .20 percent of alcohol by weight.

An information dated December 26, 1984, charged appellant with two counts under SDCL 32–23–1, stating appellant did:

Count I: willfully and unlawfully drive or was in actual physical control of a motor vehicle while there was 0.10% or more by weight of alcohol in his blood; or,

Count II: willfully and unlawfully drive or was in actual physical control of a motor vehicle while under the influence of an alcoholic beverage[.]

On April 19, 1985, the day of trial, the information was amended by splitting each of the original counts into two counts for a total of four counts. This was achieved by making unlawfully driving a motor vehicle

and being in actual physical control of a motor vehicle under each of the original counts separate, as follows:

Count I: willfully and unlawfully drive a motor vehicle while there was 0.10% or more by weight of alcohol in his blood.

Count II: willfully and unlawfully was in actual physical control of a motor vehicle while there was 0.10% or more by weight of alcohol in his blood.

Count III: willfully and unlawfully drive a motor vehicle while under the influence of an alcoholic beverage.

Count IV: willfully and unlawfully was in actual physical control of a motor vehicle while under the influence of an alcoholic beverage.

On appeal, appellant argues the trial court erred in denying his motion for a new preliminary hearing on the amended information. We disagree.

■ The original information set out the counts against appellant in the same manner they were stated in the complaint against him dated December 26, 1984. A preliminary hearing was had on the complaint, and an order entered finding probable cause that the offenses charged in the complaint had been committed and that appellant be held to answer to those charges. Appellant was arraigned on the original information and, as stated, the information was later amended. As amended, however, the information merely set out as separate counts that which was stated in the complaint and order binding the case over for trial. Nothing new was added by the amended information. Accordingly, the trial court is affirmed on this issue.

■ The record reflects that the original of the amended information, dated and signed, was filed with the court clerk's office. The copy furnished appellant, however, was neither dated nor signed. At trial, after the State rested, appellant moved for a dismissal because he did not receive a completed copy of the information as required by SDCL 23A–7–1. The court denied the motion for dismissal, stating: "The information filed with the court was read in open court stating all those items

that were in it. The Defendant is aware. Motion denied." Appellant claims that the denial of this motion constituted reversible error. We disagree.

SDCL 23A–44–14 states: "Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded." "Whether error is prejudicial must be determined on the basis of the facts in any given case." *State v. Waller*, 338 N.W.2d 288, 291 (S.D.1983); *see also State v. Branch*, 298 N.W.2d 173 (S.D. 1980); *State v. Reddington*, 80 S.D. 390, 125 N.W.2d 58 (1963). We acknowledge that SDCL 23A–7–1 requires that defendant be given a copy of the information, and note that such copy should be complete. However, because the information was read in court, we agree with the trial court that appellant was apprised of all pertinent facts, and the absence of a date and signature on the copy given appellant constituted harmless error.

■ Finally, appellant contends that it was reversible error for the trial court to admit officer Addy's testimony as to what Robert Remacle had told him concerning the incident because such testimony was hearsay. The testimony in question concerned what Robert Remacle had told the officer about taking the keys from appellant's car and thereafter hearing the engine start and finding the vehicle gone. While this testimony was hearsay and inadmissible under any exception, its admission was also harmless error. The appellant was found guilty of being in actual physical control of a motor vehicle while having 0.10 percent or more by weight of alcohol in his blood under Count II of the information. The hearsay testimony was not pertinent to this count but rather whether the appellant drove the vehicle. He was acquitted of the driving counts. We distinguished actual physical control of a vehicle from driving a vehicle in *Kirby v. Department of Public Safety*, 262 N.W.2d 49, 51 (S.D.1978), *citing Hughes v. Oklahoma*, 535 P.2d 1023, 1024 (Okla.Cr.1975), for the proposition that

"the legislature, in making it a crime to be in 'actual physical control of a motor vehicle while under the influence of intoxicating liquor,' intended to enable the drunken driver to be apprehended before he strikes...."

Moreover, the record reflects that the keys were in the ignition of appellant's vehicle when officer Addy first approached it, and appellant was in the driver's seat with a partially defrosted windshield. This fact and the officer's testimony with regard to the smell of alcohol coming from the car, appellant's slurred speech, and the beer can on the vehicle's floor, coupled with the blood test of 0.20 percent, was sufficient for a conviction in keeping with our recent decision in *Petersen v. Department of Public Safety*, 373 N.W.2d 38 (S.D.1985). Thus, we believe the admission of the hearsay testimony did not affect a substantial right of appellant.

The judgment is affirmed.

FOSHEIM, C.J., MORGAN, J., and HERTZ, Circuit Judge acting as a Supreme Court Justice, concur.

HENDERSON, J., concurs specially.

SABERS, J., not having been a member of the Court at the time this action was submitted to the Court, did not participate.

HENDERSON, Justice (specially concurring).

Code pleading was honored here. Four separate offenses were charged in four separate counts. This was not done in *State v. Likness*, 386 N.W.2d 42 (S.D. 1986). SDCL 23A–8–2(4) provides for the dismissal of an information when more than one offense is charged in a single count. *State v. Myott*, 246 N.W.2d 786, 789 (S.D.1976). *See* my dissent in *State v. Likness*, 386 N.W.2d at 44, upholding that precedent. Here, the code pleader set forth four specific offenses in four specific counts, albeit by an amended information which was handwritten, in part, but the original of which was duly dated, signed, filed, and read in open court in the presence of the defendant.

There is no doubt that a statutory right was violated, namely, the right to have a true copy of the information, all as required by SDCL 23A-7-1. This is for the purpose of apprising the defendant of that which he is specifically accused. As defendant heard, in open court, that of which he was accused and entered pleas thereon, surely he knew that of which he was charged. Although a statutory right has been violated, the question is whether it has an overture of constitutional infringement. And is this error, indeed, harmless error or is it prejudicial error? As recent as April 2, 1986, this Court adopted the writing of Acting Justice E.W. Hertz in *State v. Dokken,* 385 N.W.2d 493 (S.D. 1986), which contained, inter alia, a dissertation on harmless error, vis-à-vis prejudicial error. This author believes that the *Dokken* dissertation on harmless/prejudicial error, by way of struggling with these concepts, has entered a rebirth in South Dakota. Harmless error/prejudicial error is not as simple as some followers of the law would believe. *See* a scholarly work of former Chief Justice Roger Traynor of the California Supreme Court, as stated in "The Riddle on Harmless Error," Law Forum Series of the College of Law of the Ohio State University, no. 7 (Ohio State University Press 1970). As one can see by the decision in *Dokken,* this Court has quoted *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). The *Chapman* holding has apparently met this Court's approval[1] and it is the considered opinion of this author that when the prosecutorial authorities have failed to accord federal constitutional rights, then it is federal law, not state law, which is applicable in fashioning a rule as to what constitutes harmless error. Also, the *Chapman* case teaches us that the application of a state harmless error rule "is a state question where it involves only errors of state procedure or state law." *Dokken,* 385

N.W.2d at 499. Thus, under our most recent pronouncement in *Dokken,* I can comfortably join the majority opinion's stance of nonprejudicial error pertaining to a statutory right of a true and complete copy not having been furnished to the defendant under the facts of this case.

This then turns us to the second error, committed in this trial, with the above principles and holdings in mind. It is noted that the majority opinion reflects that the hearsay evidence entered in this case was inadmissible under any exception, yet, it was harmless error. I can only join this opinion because of the fact that this testimony was applicable to the counts pertaining to the defendant driving the vehicle. Defendant was acquitted of the two driving counts; therefore, the inadmissible hearsay evidence could not be prejudicial error. However, defendant's confrontation rights do reach constitutional dimension and had the hearsay evidence convicted him under the driving counts, my vote, under *Dokken* and *Chapman,* would surely be different. One of *Chapman's* basic tenets is "that before a federal constitutional error can be held harmless, the court must be able to declare a belief that it was harmless beyond a reasonable doubt." *Chapman,* 386 U.S. at 24, 87 S.Ct. at 828, 17 L.Ed.2d at 710–11. We must then, in my opinion, apply such review if a case arises in South Dakota establishing federal constitutional error. Regarding same, we cannot go back to *State v. Reddington,* 80 S.D. 390, 125 N.W.2d 58 (1963).[2] If a defendant's constitutional rights are infringed, the harmless error rule as announced in *Reddington* and its progeny is inapplicable. Given federal constitutional transgression, the appellate scope of review is the requirement that this State Supreme Court must "declare a belief beyond a reasonable doubt that it was harmless and did not contribute to the verdict obtained." *State v. Heumiller,* 317

---

1. *See* this author's recitation of same as authority in his dissent in *State v. Chief Eagle,* 377 N.W.2d 141, 144 (S.D.1985).

2. The *Reddington* principle of review on determining harmless or prejudicial error is this:

Prejudicial error is that which in all probability must have produced some effect upon the final result and affected rights of the party assigning it.

N.W.2d 126, 130 (S.D.1982). Given a federal constitutional error, and given overwhelming evidence of guilt in the record, consider, however, the holdings in *Brown v. United States*, 411 U.S. 223, 231–32, 93 S.Ct. 1565, 1570–71, 36 L.Ed.2d 208, 215 (1973), and *Harrington v. California*, 395 U.S. 250, 254, 89 S.Ct. 1726, 1728, 23 L.Ed.2d 284, 288 (1969). *See also, Harmless Constitutional Error: A Reappraisal*, 83 Harv.L.Rev. 814, 820 (1970).

Lastly, we should remember that the polestar, in criminal cases, should always be that the defendant receive a fair trial. You cannot use the harmless error rule—ever—to justify unfairness at the trial. *State v. Webb*, 251 N.W.2d 687 (S.D.1977).

