The STATE of South Dakota,
Plaintiff and Appellee,

v.

Thomas MICHALEK, Defendant
and Appellant.

No. 15385.

Supreme Court of South Dakota.

Considered on Briefs Feb. 19, 1987.

Decided June 10, 1987.

Robert E. Mayer, Asst. Atty. Gen., Mark V. Meierhenry, Atty. Gen. (on brief), Pierre, for plaintiff and appellee.

Ramon A. Roubideaux, Rapid City, for defendant and appellant.

SABERS, Justice.

Thomas L. Michalek (Michalek) appeals his conviction for driving while intoxicated, third offense. We affirm.

### Facts

Michalek and his family returned to Murdo, South Dakota, from a family vacation in the early evening of July 23, 1985. He had been drinking beer on the return trip and "went back out" after his return to Murdo. After arriving in Murdo, Michalek had consumed six beers. He went to a gas station, hung around the parking lot and drank additional beer. The owner of the gas station received a call concerning a disturbance at his gas station and, upon arriving there, asked Michalek to leave because drinking was not allowed on the premises.

He refused to leave twice and the owner was forced to call the police and Michalek left. He was eventually stopped by police officers. One of the officers noted a strong odor of alcohol about Michalek's person. The officers claimed he could only manage to pass two of seven different field sobriety tests. Michalek was arrested, taken to the sheriff's office and indicated that he had drunk a case of beer in the last twelve hours.

Michalek testified that he was on his way home when he was stopped. He admitted that he had spun his wheels just before he was stopped but stated that it was due to loose gravel and a "grabby clutch." Michalek claimed that he only drank seven or eight beers after he returned to Murdo. A blood sample was taken and when he was being returned to his cell, Michalek attempted to jump through a plate glass window at the sheriff's office. He fell backwards and was wrestled to his cell.

Michalek was charged with Driving While Intoxicated (DWI), Third Offense, in violation of SDCL 32–23–1. His first trial resulted in a hung jury and a mistrial was declared. Upon retrial by a jury, Michalek was found guilty and appeals.

### Michalek's Claims

Michalek claims that the trial court erred in using a prior, defective judgment of conviction to enhance punishment and in denying his motions for mistrial, dismissal, and judgment of acquittal.

## 1. ENHANCEMENT OF PUNISHMENT BASED UPON PRIOR DWI CONVICTION

Michalek argues that the trial court had no jurisdiction to enhance punishment because a judgment of conviction in a prior Jackson County case referred to a complaint being filed, rather than an information.

■ A judgment of conviction need only set forth the plea, the verdict or find-ings, and the adjudication and sentence. SDCL 23A–27–4. However, if an information was not filed in a particular case, the conviction would be invalid and enhanced punishment based upon the conviction would be constitutionally infirm. *Honomichl v. State,* 333 N.W.2d 797 (S.D.1983). The court must look to the record, not the judgment of conviction, to determine the validity of the Jackson County conviction. The record shows that an information, not a complaint, was used in the Jackson County offense. Therefore, Michalek's argument that the conviction was defective on its face is without merit.

## 2. MOTION FOR MISTRIAL

Michalek argues that the cumulative effect of references to his work permit, prior arrests, and his attempt to jump through a jail window denied him a fair trial.

*Work permit*

■ Michalek's first trial resulted in a hung jury. Prior to the first trial, he moved the court *in limine* to prohibit any reference to his lack of a driver's license because such reference would convey to the jury the fact of prior convictions, which were not admissible and would be prejudicial. This motion was granted.

During trial, references were made to Michalek's (drivers) work permit. Although Michalek did not make a motion *in limine* to exclude this testimony, he argues that the motion *in limine* he made at his first trial should carry over. However, no authority is cited for this proposition and we deem the issue waived. *Corbly v. Matheson,* 335 N.W.2d 347, 348 (S.D.1983). More importantly, Michalek has failed to show that the prosecutor violated any court order in this respect.

*Attempt to jump through window*

■ The State remarked in opening statement that Michalek attempted to jump through a jail window after arrest. During trial, the prosecution witnesses were asked

to describe this event. Michalek failed to object either during opening statement or trial. Failure to do so precludes appellate review. *Matter of A.I.*, 289 N.W.2d 247, 249 (S.D.1980), *citing State v. Reiman*, 284 N.W.2d 860 (S.D.1979).

### Prior arrests

▮ Michalek contends that the prosecutor made improper and prejudicial references to his prior arrests. The State claims that as soon as Michalek objected, all further references were prohibited by the court. The jury was given a cautionary instruction and no additional cautionary instructions were offered by Michalek during trial. Despite the improper and persistent attempts to prejudice the defense, we are not convinced that Michalek was unduly prejudiced by the prosecutor's comments in this respect.

### Cumulative effect

Michalek contends that the cumulative effect of the prosecutor's references to these prejudicial matters shows a deliberate attempt to prejudice the jury against him. Michalek argues that the State's Attorney intended to avoid another hung jury by fair means or foul, all of which denied him a fair trial. The State argues harmless error. SDCL 23A–44–14. The trial court did not rule on the cumulative effect because Michalek's motion for mistrial was solely predicated upon the arresting officer's reference to the work permit. Therefore, our review is limited to determining whether the references to the work permit constituted prejudicial error and grounds for a mistrial.

In *State v. Webb*, 251 N.W.2d 687 (S.D. 1977), we reversed a criminal conviction and held that the defendant had been deprived of his constitutional right to a fair trial before an impartial jury by prejudicial questions which referred to his prior, unrelated criminal record. The court stated:

> We, however, are of the opinion that the harmless error rule ought never be used to justify unfairness at the trial. Every practicing attorney knows that where a prejudicial and improper question, such as the one here, is asked for the sole purpose of conveying to the jury information that counsel knows or should have known is excludable by the rules of evidence it is pure fiction to suppose that the damage done is eradicable by objection and/or cautionary instructions.

*Id.* at 689.

Michalek claims that the jury's knowledge of the work permit resulted in unfair prejudice because it alerted them to a prior DWI conviction (for which a work permit is generally issued). The court denied the motion and ruled that the officer's reference * to the work permit did not rise to the level of prejudice necessary to declare a mistrial, especially in light of Michalek's own testimony which described his ongoing problems with alcohol.

The decision to grant or deny a mistrial must be based on the prejudicial effect of the witness' statement. *State v. Farley*, 290 N.W.2d 491, 494 (S.D.1980). The trial court has wide discretion in determining the prejudicial effect of a witness' statements, and it is only when this discretion is clearly abused that this court will overturn a decision. *Id.*

▮ "Prejudicial error" is error which in all probability must have produced some effect upon the jury's verdict and is harmful to the substantial rights of the party assigning it. *State v. Dokken*, 385 N.W.2d 493, 498 (S.D.1986); *State v. Reddington*,

---

* Upon direct examination, the prosecutor asked the officer whether Michalek produced a driver's license after his vehicle was stopped.
  *Officer:* He gave me his work permit.
  *Prosecutor:* Who issued the work permit?
  *Officer:* As I recall, it was Judge Heck, but I don't really remember for certain.

In denying the motion for mistrial, the court stated: "I don't believe that this is the common knowledge, there could be a lot of reasons why you could have a work permit. Doesn't have to be a conviction of driving while intoxicated."

80 S.D. 390, 396, 125 N.W.2d 58, 62 (1963) (citations omitted). SDCL 23A–44–14 defines harmless error as "[a]ny error, defect, irregularity or variance which does not affect substantial rights[.]" The harmless error rule governs even constitutional violations, not requiring the automatic reversal of a conviction, provided the court is able to declare a belief beyond a reasonable doubt that the error was harmless and did not contribute to the verdict obtained. *State v. Heumiller*, 317 N.W.2d 126, 130 (S.D.1982) *citing Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); *Harrington v. California*, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969).

In *United States v. Hasting*, 461 U.S. 499, 103 S.Ct. 1974, 76 L.Ed.2d 96 (1983), the Court followed *Chapman* and framed the question a reviewing court must ask as follows:

> Absent [the alleged error] ... is it clear beyond a reasonable doubt that the jury would have returned a verdict of guilty?

*Id.* 461 U.S. at 510–511, 103 S.Ct. at 1981, 76 L.Ed.2d at 107.

■ Despite reference to the work permit, the testimony of the gas station owner, the police officer, a conservation officer who assisted the police officer, and the night jailer, all indicated that Michalek exhibited physical signs of being under the influence of alcohol. The chemist who analyzed Michalek's blood stated that his blood alcohol content was .23 by weight. Finally, Michalek admitted to the jury that he had an alcohol problem. He further testified that he had been in treatment and was presently attending AA meetings.

Upon the complete record, we are satisfied that Michalek had a fair trial. Although we do not condone the prosecutor's actions because we deem his references intentional, we conclude that his conduct was without prejudice to Michalek's substantial rights in view of all the evidence that Michalek was under the influence. Therefore, absent the prosecutor's conduct, it is clear beyond a reasonable doubt that the jury would have returned a verdict of

guilty. Accordingly, the trial court did not abuse its discretion in denying the motion for mistrial.

### 3. DOUBLE JEOPARDY

■ Prior to trial, Michalek moved for dismissal of Parts 1 and 2 of the Information which charged him with DWI, Third Offense. His grounds were that he had been charged and convicted of exhibition driving by the City of Murdo, South Dakota, based upon the same facts that resulted in the instant DWI charge, which constituted double jeopardy. His motion was denied.

Michalek argues that: the exhibition driving constituted the probable cause relied upon to support the investigatory stop of his vehicle; without it there was no lawful right to stop him in the first place, and that if the city charge was an included offense, then the city conviction placed him twice in jeopardy which requires dismissal of the DWI charge.

In determining whether or not two offenses are "the same" under constitutional standards concerning double jeopardy, this court has adopted the "same evidence" test. *State v. Waller*, 338 N.W.2d 288 (S.D.1983); *State v. Flittie*, 318 N.W.2d 346 (S.D.1982); *State v. Pickering*, 88 S.D. 548, 225 N.W.2d 98 (1975). In *Pickering*, we wrote:

> We believe it to be the rule generally recognized that the plea of double jeopardy is available only when the separate offenses are in substance the same, so that the evidence which proves the one would prove the other and if an essential element of one is not necessarily present in the other there is no former jeopardy.

88 S.D. at 553, 225 N.W.2d at 101.

We are unable to tell from the sparse record before us whether or not intoxication was an element of the exhibition driving conviction. However, as a drunk driver may be violating no traffic laws other than SDCL 32–23–1 (DWI), it follows that the essential elements of any other

traffic offenses are not necessarily present in the offense of DWI. *City of Sioux Falls v. Bohner*, 86 S.D. 527, 530, 199 N.W.2d 499, 501 (1972), *overruled on other grounds*, 88 S.D. 623, 226 N.W.2d 380 (1975). Therefore, the exhibition driving conviction did not result in double jeopardy under the "same evidence" test.

## 4. DIRECTED VERDICT OF ACQUITTAL

■ Michalek argues that his own testimony and that of two other witnesses created a reasonable doubt as to whether he was under the influence at the time he was operating his vehicle. He contends that although he may have been under the influence after his arrest, he was not under the influence at the time he was driving his car. There was a substantial conflict between Michalek's testimony and that of the arresting officer in relation to the field sobriety tests. According to the officer, Michalek failed five out of the seven tests administered at the scene. The officer further testified that Michalek was unsteady on his feet and staggered when he walked from his car to the patrol vehicle. The jury obviously gave more weight to the testimony of the officer than to that of Michalek. This court does not resolve conflicts in the evidence or pass on the credibility of the witnesses. *State v. McCafferty*, 356 N.W.2d 159, 165 (S.D.1984).

Michalek also argues that the results of the chemical analysis test were invalid as a matter of law. Even assuming that the chemical analysis was inaccurate, the lack of a valid test result would not be fatal to the State's case in view of all the other evidence of intoxication. This court must accept the evidence and the most favorable inferences drawn therefrom in support of the verdict, and the verdict will not be set aside if the evidence and the reasonable inferences drawn therefrom sustain a rational theory of guilt. *State v. Ree*, 331 N.W.2d 557, 559 (S.D.1983); *State v. Grey Owl*, 316 N.W.2d 801, 804 (S.D.1982). Based upon all the evidence, the trial court did not err in denying the motion for judgment of acquittal.

The judgment is affirmed.

WUEST, C.J., and MORGAN and MILLER, JJ., concur.

HENDERSON, J., specially concurs.

HENDERSON, Justice (concurring specially).

In concurring with this opinion, to protect the integrity of my position on the harmless error rule in South Dakota, I make reference to my special writings in *State v. Dokken*, 385 N.W.2d 493, 505 (S.D. 1986) (Henderson, J., specially concurring); *State v. Remacle*, 386 N.W.2d 38, 41 (S.D. 1986) (Henderson, J., specially concurring); and *State v. Davis*, 401 N.W.2d 721, 726 (S.D.1987) (Henderson, J., concurring in result).

Not once, but twice in the majority opinion, reference is made to the improper advocacy of the prosecutor in securing this conviction. This Court has previously admonished the prosecutors of this state to be fair in their roles as guardian of the public interest. *See, e.g., State v. Brandenburg*, 344 N.W.2d 702, 705–06 (S.D. 1984); *State v. Sahlie*, 90 S.D. 682, 688, 245 N.W.2d 476, 479 (1976). However guilty Michalek would appear to be, he is entitled to a fair trial, for, indeed, a fair trial is an elementary rule of criminal law and justice and it should not be forsaken. In *State v. Reddington*, 80 S.D. 390, 396, 125 N.W.2d 58, 62 (1963), cited in the majority opinion, this Court stated: "There is no definite rule by which to measure prejudicial error and each case must be decided on its own facts." Although I strenuously disapprove of the prosecutor's advocacy in this case, it is state procedure and state law which, in my opinion, we are reviewing. Most specifically, we are concerned, insofar as the harmless error rule is involved, with the alleged error of the trial court in failing to grant a motion for mistrial. The majority opinion has isolated each claimed eviden-

tiary transgression and determined that, within the denial of the motion for mistrial, the trial court did not abuse its discretion. *State v. Farley,* 290 N.W.2d 491 (S.D.1980), is controlling, and I also have concluded that there was no clear abuse of discretion.