### 3661. LOVE *v.* THE STATE.

1. The evidence is sufficient to authorize the verdict.

2. The conviction does not rest so exclusively on circumstantial evidence as to have required the judge, in the absence of request, to charge the jury the rule that, "to warrant a conviction on circumstantial evidence, the proven facts must not only be consistent with the hypothesis of guilt, but must exclude every other reasonable hypothesis save that of the guilt of the accused."

DECIDED OCTOBER 23, 1911.

Accusation of larceny; from city court of Miller county—Judge Bush. July 29, 1911.

*W. I. Geer,* for plaintiff in error.

*P. D. Rich, solicitor,* contra.

POWELL, J. As to the point dealt with in the second paragraph of the syllabus: The charge against the accused is simple larceny. The prosecutor, a physician, laid his watch down on the bed of a patient whom the accused was nursing, and the accused saw it. The prosecutor swore he left the watch there. The accused said that he found the watch lying near a woodpile near where the prosecutor's automobile was standing, and found it soon after the prosecutor left. The accused took the watch and traded it off.

That the watch of the prosecutor was lost from his possession, and that the accused found it and took it and appropriated it to his own use, knowing that it was somebody else's property, and probably knowing that it was the prosecutor's, are salient facts proved by direct and uncontroverted testimony. The only feature of the case left to inference was whether there was an intent to steal. Intent, in practically all cases, must be shown by the inference arising from the facts shown. We do not think that, from a practical standpoint, it is correct to say that it is "a conviction on circumstantial evidence," where all the salient facts of the case (including the facts on which the inference itself rests) are directly proved, and only the intent with which proved acts were committed is a matter of inference. If so, it would be proper to speak of a conviction for homicide as being "a conviction on circumstantial evidence," where eye-witnesses see the killing, but the jury must infer the malice or heat of passion, as the case may be, from circumstances surrounding the transaction.                    *Judgment affirmed.*