STATE of South Dakota, Plaintiff
and Appellee,

v.

Timothy Donald BRANCH, Defendant
and Appellant.

No. 13025.

Supreme Court of South Dakota.

Submitted on Briefs Sept. 9, 1980.

Decided Nov. 5, 1980.

Kevin F. Manson, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

John T. Elston, Pennington County Public Defender, Rapid City, for defendant and appellant.

HENDERSON, Justice.

### ACTION

On December 17, 1979, a Pennington County jury found Timothy Donald Branch (appellant) guilty of possession of a stolen vehicle pursuant to SDCL 32–4–5. On the following day, a separate jury found appellant guilty of being a habitual offender. A judgment was entered by the trial court in accord with these verdicts and appellant was sentenced to five to eight years in the state penitentiary. Appellant contends on appeal that the trial court erred in not granting his motion to suppress. We disagree and affirm.

## FACTS

At approximately 7:00 p. m. on October 25, 1979, Officer John Niehaus of the Rapid City Police Department was on duty in his police cruiser when he was informed of a report of a stolen 1979 Chevrolet Camaro Z-28, license # PA-9861. At approximately 10:23 p. m., Officer Niehaus saw a vehicle matching the stolen automobile's description. Utilizing his flashing red lights, he stopped the vehicle. As Officer Niehaus approached the vehicle and observed it more closely, he determined that appellant was driving and this was, in fact, the reported stolen vehicle. Officer Niehaus was previously acquainted with appellant and did not believe appellant owned the vehicle. Three other individuals were in the vehicle with appellant. Officer Niehaus asked to see appellant's driver's license whereupon appellant replied he did not have one. Officer Niehaus then asked appellant "Is this your car?" Appellant answered "No." Appellant was then handcuffed and placed in the back seat of the police cruiser. By this time, the other three individuals in the vehicle were leaving the scene. Officer Niehaus commanded them to stop but they failed to do so. Officer Niehaus then asked appellant "Who are those three?" Appellant replied by stating the names of the three individuals. Appellant further stated: "I just got in the car, they just picked me up at Neuman's."

Appellant was then taken to the county jail where he was advised of his *Miranda* rights. Appellant made no other statements to authorities on October 25, 1979, regarding the circumstances of his arrest. Appellant was held overnight at the county jail. At approximately 8:15 a. m., October 26, 1979, appellant was placed with Deputy Sheriff Jack Hoar for the purpose of readvising appellant of his *Miranda* rights. When Deputy Sheriff Hoar told appellant he was going to readvise him of his rights, appellant stated "I didn't steal the car." Deputy Sheriff Hoar then turned on the tape recorder and reinformed appellant of his *Miranda* rights. Appellant then confessed to the crime of possession of a stolen vehicle.

Prior to trial, appellant requested a hearing on his motion to suppress regarding the statements of October 25, 1979, and his subsequent confession of October 26, 1979. A suppression hearing was held on November 19, 1979. The trial court denied appellant's motion to suppress on December 6, 1979.

## ISSUE

Did the trial court err in denying appellant's motion to suppress? We hold that it did not.

## DECISION

Appellant maintains that his taped confession of October 26, 1979, should have been suppressed as the fruits of statements made by appellant at a time when he was questioned by a police officer without being advised of his *Miranda* warnings. We do not agree.

Appellant's legal position is premised upon his contention that the statements made by him to the police officer on the evening of October 25, 1979, were the product of a custodial interrogation. *Miranda* warnings are required when an individual is in "custody or otherwise deprived of his freedom of action in any significant way." *Miranda v. Arizona*, 384 U.S. 436, 444, 86 S.Ct. 1602, 1612, 16 L.Ed.2d 694, 706 (1966). The primary question confronting us is whether appellant, prior to being taken to the county jail on October 25, 1979, was the subject of a custodial interrogation requiring the issuance of *Miranda* warnings.

In distinguishing between custodial and non-custodial interrogations this Court has looked to various criteria, including probable cause to arrest, subjective intent of the defendant, and focus of the investigation. *Matter of M.J.B.*, 284 N.W.2d 874 (S.D.1979). Other factors for consideration are: nature of the interrogator; nature of the suspect; time and place of the interrogation; nature of the interrogation; and purpose of the investigation. *Matter of M.J.B.*, supra, citing 31 A.L.R.3d 565 (1970). We stated in *Matter of M.J.B.*, 284 N.W.2d at 876:

Police officers are not required to administer *Miranda* warnings to be imposed simply because questioning takes place in the station house or because the questioned person is one whom the police suspect. *Miranda* warnings are required only when there has been such a restriction on a person's freedom as to render him in custody. *Oregon v. Mathiason*, 429 U.S. 492, 97 S.Ct. 711, 50 L.Ed.2d 714 (1977).

We believe our holding in *Utsler v. State*, 84 S.D. 360, 171 N.W.2d 739 (1969) is dispositive of appellant's contention. In *Utsler*, the defendant was apprehended by police who had been alerted to watch for a certain automobile believed to be driven by an individual who was involved in an armed robbery which had occurred in Sioux Falls, South Dakota. The police officer, upon stopping the defendant's automobile in Madison, South Dakota, asked the defendant whether he had been in Sioux Falls that night. The defendant answered, according to the police officer that he had just gone around the outskirts of Sioux Falls. No *Miranda* warnings were given. In rejecting appellant's contention that he was entitled to *Miranda* warnings prior to the police officer questioning him, we stated that *"Miranda was not intended to prohibit police officers from asking suspicious persons such things as their names and recent whereabouts without fully informing them of their constitutional rights."* 84 S.D. at 368, 171 N.W.2d at 743.

Our decision in *Utsler v. State*, supra, was affirmed in *Utsler v. Erickson*, 440 F.2d 140, 143 (8th Cir. 1971), from which we quote:

> The police in investigating a probable offense may ask preliminary questions of identification and the recent whereabouts of persons under suspicion in order to proceed with the investigation and quickly eliminate those who appear to be beyond suspicion. The police should be able to do this without accusing a person of committing a crime and thus possibly subjecting that person to an unfair accusation. And this type of questioning should be permitted without giving a recitation of the *Miranda* warnings.

> Preliminary inquiry in the field is needed to immediately separate those individuals who by force of circumstances might give some indication of being connected with or having knowledge of an alleged offense from those who do not. The question asked did not seek to intimidate nor secure any admission or confession from the petitioner, but only sought to ascertain if further investigation should ensue. This was not a custodial interrogation.

■ Here, appellant was asked two questions by the police officer who stopped him: "Can I see your driver's license," and "Is this your car?" This type of preliminary inquiry of an individual whom the police officer suspected may have committed a crime is not the type of coercive, threatening, or police dominated type of atmosphere envisioned by *Miranda*. We hold that, under these facts, appellant was not subjected to a custodial interrogation when asked the two aforementioned questions. Hence, it was not necessary for appellant to receive his *Miranda* warnings.

■ Appellant contends, however, that he should have been given his *Miranda* warnings after he was handcuffed and placed in the back seat of the police cruiser. At this time, the police officer asked appellant either: "Who was in the car with you?" or "Who are those three?" Appellant responded by stating the names of the three individuals. He also stated something to this effect: "I just got in the car, they just picked me up at Neuman's." Assuming arguendo that at this point there was a custodial interrogation, we hold that appellant's statements were not prejudicial. We do not believe appellant's taped confession was tainted by the statements he made while in the police cruiser in light of the fact that: 1) appellant was twice issued *Miranda* warnings prior to his confession, and 2) the nature of the police officer's question was not directed to secure any admission or confession from appellant, nor were appellant's statements incriminating in nature.

SDCL 23A–44–14 states: "Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded." In *State v. Reddington*, 80 S.D. 390, 397, 125 N.W.2d 58, 62 (1963), we held:

[A] new trial should not be granted unless it is reasonably clear that the substantial rights of the defendant have been so violated that he did not receive a fair trial.

And it was further stated:

There is no definite rule by which to measure prejudicial error and each case must be decided on its own facts.

890 S.D. at 396, 125 N.W.2d at 62.

Appellant argues that, by identifying the other three occupants of the automobile, he was incriminating himself as to a potential charge of conspiracy pursuant to SDCL 22 3–8. In light of the fact that appellant was not, in fact, charged with conspiracy, we are convinced that no substantial right of appellant was violated by the trial court's admission of the statements made while in the back seat of the police cruiser.

The trial court's order denying appellant's motion to suppress was correct. The judgment is affirmed.

All the Justices concur.