**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Aaron B. WALLER, Defendant and Appellant.**

No. 13951.

Supreme Court of South Dakota.

Argued May 23, 1983.

Decided Sept. 14, 1983.

Richard Dale, Asst. Atty. Gen., Mark V. Meierhenry, Atty. Gen., on brief, Pierre, for plaintiff and appellee.

Joseph Neiles, Minnehaha County Public Defender, Sioux Falls, for defendant and appellant.

WOLLMAN, Justice.

Defendant appeals from his conviction on a charge of burglary in the third degree, two counts of injury to property in the first degree, and on an habitual offender charge. We affirm.

On April 4, 1981, the Kindler-Pontiac building in Sioux Falls, South Dakota, was burglarized. The burglar or burglars drove a truck that was inside the building into a car which had been parked in front of the overhead garage door, forcing the car through the garage door and out into the street.

The police detained defendant and his brother, Wade Waller, who were found near the area where the burglary had occurred and conducted a pat-down search of the two. A scuffle broke out as an officer conducted the pat-down search of defendant, and defendant was arrested for disorderly conduct. After defendant was taken into custody, a set of car keys was found near the area where the scuffle had occurred. An outside window in an office in the burglarized building was open. There was a footprint on the seat of a chair in this office which was similar to the size and pattern of the sole of the boot worn by defendant on the night of the burglary. In addition to this evidence, three high school students who had driven by the burglarized building on the night in question identified defendant and his brother as the two men they had seen in the Kindler-Pontiac lot.

Wade Waller, who along with defendant, was charged with burglary and injury to property, entered a plea of nolo contendere to the charge of injury to property and received a suspended imposition of sentence.

Defendant's first contention concerns impeachment by evidence of prior convictions pursuant to SDCL 19–14–12.[1]

Defendant was twice convicted of burglary in Minnesota. The trial court allowed the State to introduce the fact of but not the nature of the convictions after it determined that the probative value of this evidence was not outweighed by any prejudice to defendant.[2] Defendant contends that the trial court erred in its ruling. We disagree.

In *State v. Dickson*, 329 N.W.2d 630 (S.D. 1983), we examined the "unspecified felony" approach used by the trial court in this case and determined that it was neither expressly prohibited nor condoned by SDCL 19–14–12. A compromise such as that arrived at by the trial court allows the jury to consider the defendant's felony convictions in judging his credibility without unduly prejudicing the defendant.

We have repeatedly cautioned trial courts to make a definite finding that evidence of prior convictions is more probative than prejudicial before allowing such evidence. *Dickson, supra; State v. Cochrun*, 328 N.W.2d 271 (S.D.1983); *State v. Quinn*, 286 N.W.2d 320 (S.D.1979). Although the trial court found that the probative value of the "unspecified felonies" was not outweighed by prejudice, rather than finding that the probative value outweighed any prejudicial effect, we deem this approach to be the functional converse equivalent of the requirement of SDCL 19–14–12. *See, Dickson, supra.* We therefore uphold the trial court's ruling allowing evidence of defendant's prior convictions.

Defendant next contends that the trial court erred in ruling that if Wade Waller testified on behalf of defendant the State could on cross-examination inquire regarding his nolo contendere plea and suspended imposition of sentence arising out of the Kindler-Pontiac burglary.

Because of this ruling, defense counsel did not call Wade Waller to testify but made the following offer of proof:

But I would make an offer of proof that his [Wade's] testimony would be that he left the Pomp Room Bar ahead of his brother; that he either left with another individual or met another individual after leaving the bar; and that that occurred down by Kindler Pontiac, he met that individual or was with him. He was involved in a drug transaction involving some marihuana and that subsequent to that time, while he was standing there, that he was approached by the police officers and that to his knowledge no way was Aaron Waller involved in any break-in, burglary, criminal damage to property of Kindler Pontiac.

In *State v. Johnson*, 254 N.W.2d 114 (S.D. 1977), we held that a guilty plea which results in probation without the entry of a judgment of guilt may not be used for impeachment purposes unless and until the probation is revoked and a judgment of guilt is entered. Also, SDCL 23A–27–15 provides:

For the *sole* purposes of consideration of the sentence of a defendant for subsequent offenses or the determination of whether the defendant is an habitual offender under chapter 22–7, the fact of suspension of imposition of sentence under § 23A–27–13, whether or not discharge and dismissal have occurred, shall

---

1. SDCL 19–14–12 provides:
   For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted but only if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to a party or the accused and the crime
   (1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted, or

(2) involved dishonesty or false statement, regardless of the punishment.

2. The trial court concluded that the prejudicial effect of disclosing that the felony convictions were for burglary, one of the crimes charged in the case at hand, would outweigh the probative value of such a disclosure.

be considered a prior conviction. (emphasis added)

Had Wade Waller's probation been revoked, it is possible that the State may have been allowed to impeach his credibility by presenting evidence of a judgment of conviction based on his nolo contendere plea.[3] *See, Masters v. Commissioner of Internal Revenue,* 243 F.2d 335 (3d Cir.1957); *Lowell v. State,* 574 P.2d 1281 (Alaska 1978); *Lacey v. People,* 166 Colo. 152, 442 P.2d 402 (1968). Since no conviction existed for impeachment purposes under *Johnson, supra,* however, we must determine whether the trial court's ruling constitutes reversible error.

■ SDCL 23A–44–14 states, "Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded." Whether error is prejudicial must be determined on the basis of the facts in any given case. *State v. Branch,* 298 N.W.2d 173 (S.D.1980); *State v. Reddington,* 80 S.D. 390, 125 N.W.2d 58 (1963). Even a constitutional error may be deemed harmless when a reviewing court after considering the entire record of the case determines that absent the assigned error it is clear beyond a reasonable doubt that a jury would have returned a verdict of guilty. *United States v. Hasting,* —— U.S. ——, 103 S.Ct. 1974, 76 L.Ed.2d 96 (1983); *see, State v. Heumiller,* 317 N.W.2d 126 (S.D. 1982).

■ The State presented substantial evidence of guilt. Given the nature of the offer of proof, it is hardly possible to imagine that the jury would have found Wade Waller such a credible witness as to offset the State's case. Accordingly, we are satisfied that the jury would have found defendant guilty even if the proffered testimony had been presented. We therefore conclude that the trial court's erroneous ruling was harmless.

■ Defendant failed to appear at a September 24, 1981, motion hearing regarding his case, and an officer from Minnehaha County was sent to Minnesota to bring defendant back to stand trial. The trial court allowed the State to cross-examine defendant regarding this matter. On re-direct examination, defendant offered his explanation why he had left and had remained out of the state. The jury received the following instruction on flight:

Flight by the defendant, after the crime has been committed, does not create a presumption of guilt. You may consider evidence of flight, if any, however, as tending to prove the defendant's consciousness of guilt. You are not required to do so. You should consider and weigh evidence of flight by the defendant in connection with all the other evidence in the case and give it such weight as in your judgment it is fairly entitled to receive.

Defendant contends that the trial court erred in allowing evidence of and giving an instruction, on flight, citing *State v. Hoover,* 89 S.D. 608, 236 N.W.2d 635 (1975), where we stated that "we might well be in accord with the Colorado Supreme Court in *Robbins v. People,* 1960, 142 Colo. 254, 350 P.2d 818, where it held that a flight instruction 'is rarely advisable and should never be given unless the peculiar facts of the case appear to make it essential'. . . ." We have since held, however, that although evidence of flight, standing alone, may not be sufficient to convict, such evidence may justify an inference of guilt. *Marshall v. State,* 305 N.W.2d 838 (S.D.1981). Defendant maintains that the rationale in *Marshall* is inapplicable since he did not immediately flee from the scene of the crime but rather

---

**3.** Some jurisdictions refuse to allow evidence of a conviction based on a nolo contendere plea for impeachment purposes. *Piassick v. United States,* 253 F.2d 658 (5th Cir.1958); *People v. Nelson,* 31 Ill.App.3d 934, 335 N.E.2d 79 (1975); *Keyes v. Mississippi,* 312 So.2d 7 (Miss.1975). Although a co-defendant's or co-indictee's guilty plea is permissible for impeachment purposes, the trial court in such cases should give a cautionary instruction to avoid one person's guilty plea being used as substantive evidence of the guilt of another. *See, United States v. King,* 505 F.2d 602 (5th Cir.1974).

left the state several months after the alleged offense. We disagree.

The Court of Appeals for the Eighth Circuit has stated that "the inference of guilt that may be drawn by the fact of flight only arises 'immediately after the commission of a crime, *or after* [a defendant] *is accused of a crime that has been committed.*'" *United States v. White*, 488 F.2d 660, 662 (8th Cir.1973) (emphasis in original). The requirement of immediacy of flight is greatly diminished, however, when the defendant knows that he is accused of or sought for the crime charged. *United States v. Hernandez-Miranda,* 601 F.2d 1104 (9th Cir.1979); *United States v. Jackson,* 572 F.2d 636 (7th Cir.1978).

■ While evidence of flight may be attributed to causes other than consciousness of guilt, *see, Wong Sun v. United States,* 371 U.S. 471, 483, 83 S.Ct. 407, 415, 9 L.Ed.2d 441, 452–53 n. 10 (1963), defendant had the opportunity to and did in fact explain his absence from the state and his failure to appear at the motions hearing. Also, the flight instruction clearly informed the jury that it was not required to consider this evidence as consciousness of guilt. We therefore conclude that the trial court did not err in allowing evidence of and giving an instruction on flight.

■ Defendant next contends that the trial court should have set aside at least one of the intentional damage to property counts on the basis of insufficient evidence and double jeopardy.

Defendant does not dispute that the evidence reveals that the burglar or burglars inside the building rammed a truck into a car that was parked in front of the garage door and thereby forced the car through the door. Defendant asserts, however, that although the evidence may support the jury's finding of specific intent to damage the door, it does not support a finding of specific intent to damage the car. The answer to this contention is that we must accept all the evidence in the record that supports the conviction, as well as all reasonable infer-

ences which can be drawn therefrom. *State v. Macy,* 294 N.W.2d 435 (S.D.1980).

■ Defendant maintains that because the two counts of damage to property in the first degree involve one act, his conviction on both counts constitutes double jeopardy.

We have adhered to the "same evidence test" in examining double jeopardy issues. *State v. Flittie,* 318 N.W.2d 346 (S.D.1982); *State v. Pickering,* 88 S.D. 548, 225 N.W.2d 98 (1975). As we stated in *Pickering:*

> We believe it to be the rule generally recognized that the plea of double jeopardy is available only when the separate offenses are in substance the same, so that the evidence which proves the one would prove the other and if an essential element of one is not necessarily present in the other there is no former jeopardy.

*See also, Brown v. Ohio,* 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977); *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).

In *State v. Seidschlaw,* 304 N.W.2d 102 (S.D.1981), the defendant was convicted on two counts of first-degree manslaughter. In holding that double jeopardy did not attach in that case, we concluded that although each conviction was for a violation of the same statute, the death of the particular victim named in each count was a fact the proof of which was required for that but not the other count.

In *Ebeling v. Morgan,* 237 U.S. 625, 35 S.Ct. 710, 59 L.Ed. 1151 (1915), the defendant was charged with six counts of cutting into a mail bag with the intent of robbing or stealing mail. Each count described the offense as occurring on the 21st day of January, 1910, but described a separate mail bag. The Supreme Court in considering defendant's double jeopardy contention stated:

> Although the transaction of cutting the mail bags was in a sense continuous, the complete statutory offense was committed every time a mail bag was cut in the manner described, with the intent charged. The offense as to each separate bag was complete when that bag was cut,

irrespective of any attack upon, or mutilation of, any other bag.

237 U.S. at 629, 35 S.Ct. at 711, 59 L.Ed. at 1152–53.

We conclude, therefore, that defendant was not subjected to double jeopardy.

 Defendant's last contention is that there was inadequate foundation for the admission of evidence relating to his prior convictions at the trial on the habitual offender charge.

Without belaboring the evidence on this issue, we conclude that the State introduced sufficient, competent evidence to identify defendant as the person who had committed the offenses charged in habitual criminal information.

The judgment is affirmed.

FOSHEIM, C.J., and MORGAN and DUNN, JJ., concur.

HENDERSON, J., concurs in result.