**Therold Dean LINDSEY, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–81–624.**

Court of Criminal Appeals of Oklahoma.

Oct. 17, 1983.

William P. Smalley, Oklahoma City, for appellant.

Michael C. Turpen, Atty. Gen. of Okl., Hugh A. Manning, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

CORNISH, Judge:

At about 4:30 p.m. on December 22, 1980, two armed men robbed Wilbert's World Coins in Midwest City, Oklahoma. As they fled, the proprietor of an adjacent business notified the authorities. Trooper Robert Knox of the Oklahoma Highway patrol received a radiogram concerning the crime advising him to be on the lookout for two Caucasion males in a tan-over-green, 1976 Oldsmobile with Alabama license tag number DKH–319. The trooper positioned his cruiser alongside Interstate Highway 40 near McLoud Road in Pottawatomie County, and within five minutes spotted a car matching the description. The car was stopped, and the appellant, Therold Dean Lindsey, and a companion were arrested.

A search of the vehicle and the occupants yielded several pistols, a gold necklace and chain, and two suitcases. The suitcases contained a large amount of silver and gold coins, which were used against appellant at trial. He was convicted of Robbery with a

Firearm and was sentenced to ten years in prison.

On appeal, he asserts three assignments of error. He first contends that the search of the suitcases was unlawful. This contention is without merit on the record before this Court. It is manifest that the search of the car was justified by probable cause to believe that the robbers, carrying guns and the fruits of the crime, had fled the scene in the car. See, *Chambers v. Maroney,* 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970). The same probable cause justified the search of every part of the vehicle and its contents that might conceal the object of the search. See, *United States v. Ross,* 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982). The search of the suitcases was lawful.

He next contends that the trial court erred in refusing to instruct the jury on the limitations of circumstantial evidence. However, such an instruction is only required when the State's evidence consists entirely of circumstantial evidence. *Davis v. State,* 634 P.2d 752 (Okl.Cr.1981). Appellant has failed to submit a complete transcript of the testimony at trial, hence we are unable to determine the character of the evidence against him. It is the responsibility of the defendant to present on appeal enough of the record to allow review of alleged error. *McGaha v. State,* 492 P.2d 1101 (Okl.Cr.1971).

Appellant suggests that the State necessarily relied wholly upon circumstantial evidence to establish one of the elements of the crime, i.e., felonious intent, thus requiring the instruction irrespective of the character of the other evidence against him. This suggestion is not well taken. It assumes that no admission of intent by appellant was in evidence at trial, see, *Weimar v. State,* 556 P.2d 1020 (Okl.Cr. 1976), an assumption not supported by the record. It also incorrectly assumes that 'felonious intent', i.e., an intent to steal and permanently deprive the owner of the personalty taken, is an element of the crime of robbery in Oklahoma. See, *Traxler v.*

*State,* 96 Okl.Cr. 231, 251 P.2d 815 (1952). If the act charged in the information was committed, there can be no issue of intent except intent to do the act charged. *Id.,* Syllabus 15. Finally, it misconstrues the circumstantial evidence rule:

> Intent, in practically all cases, must be shown by the inference arising from the facts shown. We do not think that, from a practical standpoint, it is correct to say that it is "a conviction on circumstantial evidence," where all salient facts of the case (including the facts on which the inference itself rests) are directly proved, and only the intent with which proved acts were committed is a matter of inference. If so, it would be proper to speak of a conviction for homicide as being "a conviction on circumstantial evidence," where eyewitnesses see the killing, but the jury must infer the malice or heat of passion, as the case may be, from circumstances surrounding the transaction.

*Love v. State,* 9 Ga.App. 874, 72 S.E. 433 (1911). See also, *People v. Wiley,* 18 Cal.3d 162, 133 Cal.Rptr. 135, 554 P.2d 881 (1976).

Finally, appellant contends that Jury Instruction No. 5, which stated in relevant part that "[t]he jury may infer the intent to commit robbery from all of the surrounding facts and circumstances", shifted the burden of proof to the defendant in violation of *Sandstrom v. Montana,* 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979). A similar instruction was approved in *United States v. White,* 611 F.2d 531 (5th Cir.1980), cert. den., 446 U.S. 992, 100 S.Ct. 2978, 64 L.Ed.2d 849. In that case the jury was instructed that it could infer the intent to defraud in a forgery prosecution from "the surrounding circumstances". The court stated:

> The charge is constitutional. It does not involve the kind of mandatory or burden-shifting presumption proscribed by *Sandstrom v. Montana,* 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979). It merely informs the jury that it may infer intent from other circumstantial evidence.

611 F.2d at 539, n. 8. The final assignment of error is without merit.

The judgment and sentence is AFFIRMED.

BUSSEY, P.J., and BRETT, J., concur.