STATE of South Dakota, Plaintiff and Appellee,

v.

Jerry Morris MENARD, Defendant and Appellant.

No. 15866.

Supreme Court of South Dakota.

Argued April 26, 1988.

Decided June 8, 1988.

Roger A. Tellinghuisen, Atty. Gen., Thomas Harmon, Deputy Atty. Gen., Pierre, for plaintiff and appellee.

Wayne Gilbert of Banks, Johnson, Johnson, Colbath & Huffman, Rapid City, for defendant and appellant.

HEEGE, Circuit Judge.

Jerry Morris Menard (defendant) appeals from a judgment of conviction for first degree murder. We affirm.

At approximately 1:00 a.m. on January 31, 1987, Ranson Rich (decedent) and a companion, both of whom were in a drunken condition, were returning from a bar in Rapid City, South Dakota. Decedent had been involved in a fight at the bar and was taking out his anger by knocking over mailboxes.

Decedent and his companion passed by the residence at 634 Blaine Street in Rapid City. At that time defendant, together with other members of his family, was spending an evening in his mother's apartment at that address. Defendant apparently heard decedent and his companion outside of the apartment and went out to look around. Shortly thereafter defendant called for his brother Chris and his cousin Mark to come outside. Defendant's sister heard a disturbance and went outside to see what was going on. She observed Chris and Mark chasing someone down the street and saw defendant beating another person over the head with a club. The other person was later identified as decedent. The sister attempted to stop the beating and succeeded in getting defendant to come back into the apartment where they discussed what was occurring.

Thereafter defendant and his sister went back outside. The sister observed defendant and his brother Chris near the spot where decedent had fallen on the ground. The sister heard the sound of the opening of a pouch in which defendant was carrying a knife. She saw defendant raise his arm and bring it down upon decedent; she then ran to the landlord's house to call the police. Decedent was left in a bloody and brutally beaten condition, having been stabbed numerous times in the chest and back. He was dead by the time an ambulance arrived at the scene. Defendant and his brother had absented themselves from the scene before the police arrived. Additional facts will be noted as they relate to the issues set forth below.

Defendant's first claim of error relates to the admission in evidence of a number of photographs of defendant's person and clothing taken at the police station when defendant turned himself in on the morning of the murder. The photographs depicted a red substance on the ear, cheek, shirt collar, jeans jacket and shoes of the defendant. The items depicted in the photographs and scrapings from the defendant's person were taken by the police for possible use as evidence, but were lost in the mail en route to the FBI laboratory for testing. Defendant claims that the photographs should not have been received in evidence because there was no expert testimony that the red substance depicted was blood, much less human blood or the blood of the decedent.

SDCL 19–12–3 (Rule 403) states that relevant evidence may be excluded at trial if its probative value is substantially outweighed by the danger of unfair prejudice. The trial court is vested with discretion in making its probative—prejudicial determination, and on appeal the trial court's ruling will not be disturbed absent an abuse of discretion. *State v. Grooms*, 399 N.W. 2d 358 (S.D.1987).

Here, the "red substance" is a circumstance consistent with the type of struggle (beating and knifing) such as that described by defendant's sister. The evidence is therefore relevant. The trial court complied with the balancing requirements of Rule 403 and concluded that the relevance outweighed the prejudicial effect. We agree and conclude that there was no

abuse of discretion in admitting the photographs into evidence.

As his second issue, defendant claims the trial court improperly instructed the jury as to flight or concealment. The instruction stated:

Flight or concealment by the defendant, after the crime has been committed, does not create a presumption of guilt. You may consider evidence of flight or concealment, however, as tending to prove the defendant's consciousness of guilt. You are not required to do so. You should consider and weigh evidence of flight or concealment by the defendant in connection with all the other evidence in the case and give it such weight as in your judgment it is fairly entitled to receive.

 We approved the giving of such an instruction in *State v. Waller*, 338 N.W. 2d 288 (S.D.1983), and we note that it is set forth in the South Dakota Pattern Jury Instructions (Criminal) at 1–14–9. We conclude that it was not reversible error to give the instruction under the special circumstances of this case. Nonetheless, we caution that this instruction, as well as others which appear to be a commentary on the evidence, should be used sparingly and only when the special circumstances and evidence require. To that extent we would suggest modifying the comment which accompanies Pattern Jury Instruction (Criminal) 1–14–9.

Defendant next complains that the giving of an aiding and abetting instruction and introduction of this theory of the case during the trial deprived him of his right to demand the nature and cause of the accusation against him. The indictment charged defendant, alternatively, with first or second degree murder, alleging that he "did kill Ranson Rich ..."

In *Graham v. State*, 346 N.W.2d 433 (S.D.1984), and *State v. Alexander*, 313 N.W.2d 33 (S.D.1981), we recognized that by aiding and abetting, a participant can be legally accountable as a principal to the crime. SDCL 22–3–3 reads:

Any person who, with the intent to promote or facilitate the commission of a crime, aids, abets or advises another person in planning or committing the crime, is legally accountable, as a principal to the crime.

Furthermore, SDCL 22–3–3.1 reads:

The distinction between an accessory before the fact and a principal, and between principals in the first and second degree, in cases of felony, is abrogated. Any person connected with the commission of a felony, whether he directly commits the act constituting the offense or aids or abets in its commission, though not present, must be prosecuted, tried, and punished as a principal.

 Aiding and abetting is but one of the ways to establish guilt of the crime of which defendant is charged. It was entirely proper for the trial court to submit this theory to the jury under the evidence presented and no constitutional right was invaded.

We have also examined the other claims of error, including the contentions that the evidence does not pass the circumstantial evidence test; that a defense witness was improperly impeached; that the trial court erred in failing to inquire further into alleged misconduct of one of the jurors in communicating with a member of the news media during the trial; that changing its theory from that of principal to one of aiding and abetting constituted a fatal variance to the indictment; and that defendant was denied a fair trial. We find each of these claims to be without merit.

The judgment of conviction is affirmed.

WUEST, C.J., and MORGAN, SABERS and MILLER, JJ., concur.

HEEGE, Circuit Judge, sitting for HENDERSON, J., disqualified.