5 F.3d 532
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Jerry Morris MENARD, Appellant,
v.
Walter LEAPLEY, Warden, South Dakota State Penitentiary;
Mark W. Barnett, Attorney General, Appellees.
 No. 92-3242.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: June 14, 1993.
Filed: August 31, 1993.
 
 Before JOHN R. GIBSON, MAGILL, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Jerry Morris Menard appeals from an order of the district court[1] adopting the magistrate judge's[2] recommendation that Menard's petition for writ of habeas corpus under 28 U.S.C. Sec. 2254 (1988) be denied.
 
 
 2
 Menard was convicted of first degree murder in the Seventh Judicial Circuit Court of South Dakota and sentenced to life imprisonment in the South Dakota State Penitentiary. Menard appealed to the South Dakota Supreme Court, which affirmed his conviction in State v. Menard, 424 N.W.2d 382 (S.D. 1988). Menard subsequently filed a habeas petition in state court, which was denied. The South Dakota Supreme Court affirmed the denial of his state habeas petition in Menard v. Leapley, 472 N.W.2d 924 (S.D. 1991).
 
 
 3
 Menard then filed a Sec. 2254 habeas petition in the district court below, reiterating state court habeas arguments that: (1) the trial court erred in not allowing Menard to cross-examine Maria Menard about her probationary status; and (2) his defense counsel at trial was ineffective in (a) attempting to persuade the trial court to allow cross-examination of Maria Menard on the question of her bias, and (b) failing to assign as error on appeal the trial court's ruling denying her cross-examination. Menard also argued the trial court erred in giving aiding and abetting instructions, a point first raised in his direct appeal to the South Dakota Supreme Court. The magistrate judge recommended denying Menard's Sec. 2254 habeas petition in his findings and recommendations, which the district court adopted.
 
 
 4
 On appeal to this court, Menard's contentions parallel those made to the magistrate judge: (1) the trial court denied him due process and his right to confront a witness in not permitting him to cross-examine Maria Menard about her prior criminal record; (2) his trial court defense counsel was ineffective for failing to cross-examine Maria Menard on her prior record and probationary status; and (3) the trial court erred in giving the aiding and abetting instructions.
 
 
 5
 Because there is no error of law and an opinion in this case would have no precedential value, we affirm the district court's denial of Menard's Sec. 2254 petition without opinion. See 8th Cir. R. 47B.
 
 
 
 [1]
 The Honorable Richard H. Battey, United States District Judge for the District of South Dakota
 
 
 [2]
 The Honorable Marshall P. Young, United States Magistrate Judge for the District of South Dakota